IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Criminal Action No. 04-11-KAJ |
| ) | |
| IVAN SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

**I.   Introduction**

This matter is before me on the defendant's motion to suppress evidence (Docket Item ["D.I."] 14; the "Motion.) Following an evidentiary hearing, I ruled that the police were not required to have probable cause to enter a home through which the defendant fled and that, even if there were such a requirement, the facts and circumstances here amounted to probable cause. This Order confirms that ruling and sets the trial in this matter for March 21-22, 2006.

**II.   Background**

The unrebutted testimony of two of the police officers involved in the defendant's arrest was that, late on the night of December 2, 2003, four police officers were in an unmarked car in an area of Wilmington, Delaware known as a regular site of illegal drug trafficking. Two of the officers witnessed the defendant from a distance of some ten feet engage in a hand-to-hand transaction with another individual, during which the defendant accepted United States currency and then placed a small object in the other person's hand. Based on their training and years of experience, the police officers

believed that they had just witnessed an illegal drug transaction. Wearing clothing emblazoned with the word "POLICE" in large, block letters across the front and back, they emerged from the car and orally identified themselves as police officers. The defendant immediately fled. He ran into a nearby house, shutting the door behind him. One of the officers pursued him into the house and saw, upon opening the front door, that the defendant was fleeing through the back door. The chase continued, with the defendant finally being apprehended by another officer, but only after emerging from an alley, seeing a police officer, throwing a glove into a nearby garbage can, and again fleeing. When the officer retrieved the glove from the garbage can, he discovered that it contained a gun. Cocaine was found discarded along the route that the police believe the defendant had taken in his flight.

### III.  Legal Standard

"As a general rule, the burden of proof is on the defendant who seeks to suppress evidence. However, once the defendant has established a basis for his motion, *i.e.*, the search or seizure was conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable." *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir.1995) (citation omitted). At that point, the Government bears the burden of establishing by a preponderance of the evidence that the actions of its agents are consonant with the protections guaranteed by the Fourth Amendment. *See United States v. Matlock*, 415 U.S. 164, 178 n.14 (1974) ("the controlling burden of proof at suppression hearings should impose no greater burden [on the Government] than proof by a preponderance of the evidence").

## IV. Discussion

The Fourth Amendment secures people "against unreasonable searches and seizures[.]" U.S. Const., amend. IV. It is axiomatic that one who contests the reasonableness of a search or seizure must have had a reasonable expectation of privacy with respect to that which was searched or seized. *See United States v. Fulani*, 368 F.3d 351, 355 (3d Cir. 2004) ("the Fourth Amendment protects only a reasonable expectation of privacy"). Here, despite the defendant's insistence that he had an invitation to be an overnight guest in the house through which he fled, the preponderance of the credible evidence is that he fled through the residence simply because it was faster than fleeing around it, not because he was actually a guest with some reasonable expectation of privacy therein. In short, the defendant has no standing to invoke the Fourth Amendment rights belonging to the residents of the house. *See United States v. Payner*, 447 U.S. 727, 731 (1980) ("[T]he defendant's Fourth Amendment rights are violated only when the challenged conduct invaded *his* legitimate expectation of privacy rather than that of a third party."); *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.")

Even if the defendant did have standing to contest the police officer's warrantless entry into the third-party's home, no search was conducted there and nothing was seized therein. None of the evidence at issue has anything to do with the residence. It was nothing more than a short piece of the path the defendant traveled while running from authorities. His passing over or through private property, whether

his own or someone else's, while fleeing from the police, ought not, of itself, render everything that occurs thereafter constitutionally suspect. The "fruit of the poisonous tree" doctrine, *Wong Sun v. United States*, 371 U.S. 471, 484 (1963), simply has no application in a circumstance such as this, where the mere fact that the defendant passed through a home is unconnected with where and how the evidence was seized. If there were a poisonous tree lurking in this case, the evidence now at issue must still be said to have been plucked from an entirely different orchard.

Finally, assuming the defendant did have standing to contest the warrantless entry into the house, and that the evidence were somehow connected with that entry, there was still probable cause for the entry. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992). Experienced police officers watched a hand-to-hand transaction occur ten feet in front of them beneath street lights in a section of the city with a reputation as an open-air drug market. One of the officers who testified said he saw cash exchanged for a small object. The police then saw the defendant instantly flee when they approached and identified themselves. A reasonable person would certainly believe that an offense had just taken place, as these officers did, and the officer who entered the residence while in hot pursuit of the defendant was justified in doing so.[1] *Cf. State v. Moore*, 853 A.2d 903, 907 (N.J. 2004)

---

[1] It is worth noting that the defense seemed to agree that the circumstances here at least gave rise to a reasonable suspicion, which would warrant a *Terry* stop. Hence, the suppression ruling the defense seeks would have the perverse result of rewarding a defendant for fleeing into someone's home to avoid authorities who were entitled to detain him for further investigation. *Cf. Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) ("Allowing officers confronted with such flight to stop the fugitive and investigate further

(experienced police officer, observing individuals in a neighborhood "known to the police for heavy drug trafficking[,]" had probable cause to arrest defendant when officer "saw defendant and his companion give money to ... third person in exchange for small unknown objects"); *Darling v. State*, 768 A.2d 463, 466 (Del. 2001) ("personal observations by an experienced police officer at a known open-air drug sale area constituted sufficient probable cause to arrest [defendant] for contraband drug dealing[,]" even though police officer "testified candidly that he could not see precisely what was exchanged" between defendant and other party to hand-to-hand exchange.).

## V.   Conclusion

Accordingly, it is hereby ORDERED that the defendant's Motion to suppress (D.I. 14) is DENIED. It is further ORDERED that this case will be tried to a jury in this court on March 21st and 22nd, 2006.

/s/ Kent Jordan
UNITED STATES DISTRICT JUDGE

January 26, 2006
(revised 1/30/06)
Wilmington, Delaware

---

is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning.") That outcome is contrary both to common sense and the principle that exigent circumstances permit a warrantless entry of a residence. *Cf. United States v. Brightwell*, 563 F.2d 569, 574 (3d Cir.) ("The doctrine of hot pursuit ... is one exception to the warrant requirement."), *cert. denied*, 434 U.S. 998 (1977).